DCP:LHE
F. #2021R00653

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSEPH DEGREGORIO,

              Defendant.

I N F O R M A T I O N

Cr. No. 22-30 (KAM)
(T. 15, U.S.C., §§ 78j(b), 78ff; T. 18,
U.S.C., §§ 981(a)(1)(C), 1343, 3551; T.
21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this information, unless otherwise indicated:

I.    The Defendant and the Victims

    1.    The defendant JOSEPH DEGREGORIO resided in the Eastern District of New York and worked as a stockbroker. DEGREGORIO held Series 7 and Series 63 licenses. In or around September 2017, DEGREGORIO was suspended from acting as a broker by the Financial Industry Regulatory Authority ("FINRA").

    2.    Victim #1, an individual whose identity is known to the United States, was a resident of Forest Hills, New York and is 94 years old.

    3.    Victim #2, an individual whose identity is known to the United States, was a resident of Wisconsin and is 80 years old.

    4.    Victim #3, an individual whose identity is known to the United States, was a resident of Wisconsin and is 87 years old.

5.     Victim #4, an individual whose identity is known to the United States, was a resident of Idaho and is 78 years old.

## II.     The Fraudulent Scheme

6.     Beginning in or around late 2015 and continuing through approximately 2019, the defendant JOSEPH DEGREGORIO fraudulently induced Victims #1, #2, #3 and #4 (collectively, the "Victims") to invest money into promissory notes and stock issued by fictitious companies created by DEGREGORIO (the "Fictitious Companies"). In total, DEGREGORIO obtained approximately $1.2 million from the Victims through material misrepresentations relating to, among other things, the legitimacy of the Fictitious Companies, the nature of their business and the intended use of invested funds.

7.     The defendant JOSEPH DEGREGORIO generally solicited his victims over the telephone. While DEGREGORIO had a prior relationship with Victim #2 from his time as a stockbroker, when he traded legitimate securities on behalf of Victim #2, he otherwise first made contact with the Victims through cold calls.

8.     In or around 2015, the defendant JOSEPH DEGREGORIO began soliciting the Victims to invest in promissory notes to be issued by a company called TDJD, Corp. ("TDJD"), which DEGREGORIO falsely claimed issued loans to small businesses. DEGREGORIO falsely claimed that these promissory notes would yield a 13 percent return. In reality, TDJD was a shell company created by DEGREGORIO that did no actual business. In response to DEGREGORIO's fraudulent misrepresentations, Victim #1 invested $100,000 in the purported promissory notes in approximately October 2015, Victim #2 invested approximately $100,000 in the purported promissory notes between approximately May 2016 and January 2019, Victim #3 invested approximately $25,000 in the purported promissory notes in approximately

July 2016 and Victim #4 invested approximately $25,000 in the purported promissory notes in approximately January 2017.

9. The defendant JOSEPH DEGREGORIO misappropriated the majority of the investments made by the Victims into the TDJD promissory notes and used the money for personal expenses. DEGREGORIO returned some of the money, approximately $62,500, to the Victims as purported "interest payments" designed to make the promissory notes appear legitimate. DEGREGORIO also separately returned approximately $50,000 to Victim #1.

10. After the defendant JOSEPH DEGREGORIO fraudulently induced the Victims to invest in the TDJD promissory notes, DEGREGORIO solicited investments from the Victims into two additional sham entities.

11. Specifically, in or around 2016, the defendant JOSEPH DEGREGORIO solicited investments into a company he had formed called "Blue Omega." Blue Omega was a shell company that performed no business and generated no revenue. DEGREGORIO fraudulently induced Victim #2 to invest in Blue Omega by falsely claiming to Victim #2 during an interstate telephone call that Blue Omega was a cyber-security company offering its stock at a price of $250 per share. In or about and between approximately November 2017 and August 2018, Victim #2 invested approximately $225,000 in Blue Omega. DEGREGORIO directed Victim #2 to send his investment by check at a Post Office Box located in Manhattan. DEGREGORIO then misappropriated those funds, primarily for personal expenses.

12. In or around 2018 or 2019, the defendant JOSEPH DEGREGORIO solicited investments into another Fictitious Company he had formed called Globotix. During telephone calls, DEGREGORIO told victim investors that Globotix was a financial consulting company involved in Special Purpose Acquisition Company transactions. In reality, Globotix

was a shell company that did not perform any work and did not have any revenue. In response to these fraudulent solicitations, Victim #2 invested approximately $675,000 in Globotix between approximately May 2019 and March 2021. Similarly, Victim #3 invested approximately $55,000 in Globotix in approximately September and October 2020. DEGREGORIO misappropriated those funds, primarily for personal expenses.

## COUNT ONE
(Wire Fraud)

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between 2015 and 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH DEGREGORIO did knowingly and intentionally devise a scheme and artifice to defraud Victims #2, #3 and #4 and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: interstate telephone calls made by DEGREGORIO from the Eastern District of New York to Victims #2, #3 and #4 to induce them to invest in the Fictitious Companies.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNT TWO
(Securities Fraud)

15. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

16.     In or about and between 2015 and 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH DEGREGORIO did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in promissory notes issued by TDJD, in connection with the purchase and sale of interests in promissory notes issued by TDJD, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

17.     The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

6

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00653
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOSEPH DEGREGORIO,

Defendant.

# INFORMATION

(T. 15, U.S.C., §§ 78j(b), 78ff; T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 3551; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____ *Clerk*

*Bail,* $ _____

*Lauren Howard Elbert, Assistant U.S. Attorney (718) 254-7577*